IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILL NORKUNAS, Individually,

    Plaintiff,

vs.                                                         CASE NO. 3:10-cv-470/RS-MD

SANDESTIN INVESTMENTS INC.,
a Foreign Corporation; and
INTRAWEST HOSPITALITY
MGMT INC., a foreign corporation,

    Defendants.
_____/

## ORDER

Before me are Plaintiff's Motion to Join Additional Defendants (Doc. 20), Defendant Intrawest Hospitality Management Inc's Response in Opposition (Doc. 30), and Defendant Sandestin Investments LLC's Response in Opposition (Doc. 31).

Plaintiff seeks to add two additional entities: (1) Intrawest US Holdings, the parent company of Defendant Intrawest Hospitality Management, Inc., and (2) Club Intrawest, a private resort club.

## Analysis

An entity is a necessary party and required to be joined in an action if in that entity's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19 (a) (1) (A). *See also Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

Intrawest US Holdings and Defendant Intrawest Hospitality Management, Inc. are distinct corporate entities with a parent-subsidiary relationship. Businesses using the corporate form generally do so to limit liability. Those who do so "have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil." *Roberts' Fish Farm v. Spencer*, 153 So. 2d 718, 721 (Fla. 1963) (*citing Continental Distilling Sales Co. v. Vocelle*, 158 Fla. 100, 102 27 So.2d 728, 728 (1946)).

Intrawest US Holdings and Defendant Intrawest Hospitality Management, Inc. cannot both be said to 'own, lease, or operate a place of public accommodation.' As between the two, there is but one entity that may have the required relationship to the property in question to support liability under the ADA. That entity appears to be the subsidiary, Defendant Intrawest Hospitality Management, Inc., and Intrawest US Holdings is not a necessary party solely based on its relationship as a parent corporation. *See, e.g., Nat. Union Fire Ins. Co. v. Rite Aid of S. Carolina, Inc.*, 210 F.3d 246, 251 (4th Cir. 2000) (concluding that a parent company was a necessary party in a lawsuit against its subsidiary because the results of the litigation could have more serious future consequences for the parent); *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78-79 (1st Cir. 1982) (holding that parent corporation that played a substantial role in negotiating, and was party to, agreement was a necessary party to suit brought by subsidiary alleging breach of that agreement); *Armco Steel Corp. v. United States*, 490 F.2d 688, 690 (8th

Cir. 1974) (requiring two parent corporations be liable for subsidiary in order to be joined).

Plaintiff also alleges that Club Intrawest is a necessary party because it "is a relation to Intrawest US Holdings" and owns, leases, or operates the premises in question (Doc. 20, p. 4). Without stating anything further, there is no meaningful way to assess whether Club Intrawest is a necessary party. Plaintiff has therefore failed to meet its burden. *Sierra Club v. Watt*, 608 F. Supp. 305, 320 (E.D. Cal. 1985) (noting that the burden rests upon the party asserting the necessity of joining absent parties). *See also Baird v. Doe*, 1996 U.S. Dist. LEXIS 17216 (E.D. Va. 1996); *Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters.*, 2009 U.S. Dist. LEXIS 67086 (W.D. Mo. 2009).

Plaintiff's Motion to Add Defendants (Doc. 20) is **DENIED**.

**ORDERED** on January 5, 2011

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**